did not abuse his discretion. The judge considered the circumstances surrounding defendant's situation and obviously weighed his decision, as reflected by the minimum sentence imposed for the serious crime committed. Abuse of discretion has been said to result when the judge failed to consider the circumstances and acted arbitrarily. It is obvious from this record that such was not true in defendant's case, because Judge Green considered not only the defendant's situation and what he had done to "cooperate" with the authorities, but he also considered the situation of society and possible rehabilitation for the defendant. I concur with Judge Bussey's opinion.

County, Case No. CRF–69–913 to the offense of Robbery with Firearms of one Dennis Bratlien on the 30th day of May, 1969, and the same issues are raised on appeal in the instant case as were raised in the companion case No. A–15632.

For the reasons set forth in Ramsey v. State, Okl.Cr., 473 P.2d 305, delivered this date, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.

**Darriell DeWayne RAMSEY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15633.**

Court of Criminal Appeals of Oklahoma.

July 29, 1970.

Andrew T. Dalton, Jr., Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Darriell DeWayne Ramsey entered a guilty plea in the District Court of Tulsa

**Will Bennett BROWNING, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15214.**

Court of Criminal Appeals of Oklahoma.

May 27, 1970.

